JOSEPH C. GAVIN & others *vs.* COMMONWEALTH. May 8, 1974. This amended petition brought under G. L. c. 258 by thirty-one individuals holding positions (G. L. c. 30, § 45[9]) in the Department of Youth Services (G. L. c. 18A, inserted by St. 1969, c. 838, § 1) to recover the differences between (a) the salaries paid to them since 1970 in accordance with the job groups (G. L. c. 30, § 45[9]) in the general salary schedule (G. L. c. 30, § 46[1], as from time to time amended) (schedule) to which their position had been allocated (G. L. c. 30, § 45[4], as amended through St. 1966, c. 210, § 2) by the Director of Personnel and Standardization (G. L. c. 7, § 4B, inserted by St. 1962, c. 757, § 4, and as amended by St. 1968, c. 492, § 1) (director) and (b) the salaries payable under the job groups in the schedule to which they claim to have been "upgraded" in 1970 (compare *Kirkpatrick* v. *Commonwealth,* 362 Mass. 154 [1972]) is here on the petitioners' appeal from an order sustaining the respondent's demurrer (failure to state a cause of action), and on their request to us for leave further to amend (G. L. c. 231, § 125; G. L. c. 211A, § 10). 1. The petitioners' rights, if any, must be derived from the provisions of G. L. c. 30, § 45(5), as amended through St. 1962, c. 757, § 62, because nothing to be found in the provisions of the original budget (St. 1970, c. 480) or the first supplementary budget (St. 1970, c. 833) of fiscal 1971 purported to or did effect any change in any petitioner's job group. The supplemental sums set out in § 2 of c. 833 were expressly stated to be appropriated "subject to the provisions of law regulating the disbursement of public funds" (§ 1). The general language of Item 1700-0010 of § 2 of c. 833 (to which we have been referred by counsel) must be read in conjunction with and is in sharp contrast to the explicit provisions of St. 1970, c. 837, § 1 (approved on the same day as St. 1970, c. 833), by which the director was "authorized and directed to reallocate" certain other specifically identified positions to particular job groups. 2. If for no other reason, the present petition is deficient because it fails to allege compliance with any of the requirements of (*c*) or (*d*) of § 45(5), as so amended. 3. The documents offered in support of the request for leave to amend do not assist the petitioners. The letter of November 5, 1969, by which the Commissioner of Youth Services (G. L. c. 18A, § 1, inserted by St. 1969, c. 838, § 1) (commissioner) forwarded to the director a copy of the 1969 decision

and recommendation of personnel appeals board (G. L. c. 30, § 49, as amended) (appeals board) did not amount to a "request" by the commissioner within the meaning of § 45(5) (*a*) or (*b*) or to a "comment [or] recommendation" by him of the type required by § 45(5) (*b*); the commissioner appears carefully to have refrained from making any request, comment or recommendation with respect to (1) the decision and recommendation of the appeals board or (2) any request of the petitioners.   Nor is there anything in the director's reply of November 12, 1969, to the commissioner which can be construed as a "recommendation" by the director, within the meaning of § 45(5) (*b*), of either (1) or (2) above.   There is still nothing to suggest compliance with § 45(5) (*c*) or (*d*).   The order sustaining the demurrer is affirmed, and the request for leave to amend is denied.

*So ordered.*

*Lawrence F. O'Donnell* for the petitioners.

*Christopher H. Worthington,* Assistant Attorney General, for the Commonwealth.